IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CRYSTAL D. HAEFLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-4098-SSA-CV-C-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Crystal D. Haefling seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on March 14, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff filed her applications for disability and Supplemental Security Income on June 19, 2008. Plaintiff was born in 1980 and was 25 years of age at the time of her alleged onset of disability beginning September 3, 2005.

The administrative law judge (ALJ) determined that plaintiff suffered from the severe impairments of major depression and anxiety disorder. However, the ALJ found that plaintiff was not disabled as defined by the Social Security Act and could perform her past relevant work as a pant presser and general production worker.

Plaintiff argues she has a long history of treatment for mental illness and the ALJ failed to give proper weight to the opinions of her treating psychiatric nurse and treating psychiatrist, and gave undue weight to the opinions of the consulting psychologists.

2

The Commissioner argues that the ALJ properly discussed the reasons for discounting the report of plaintiff's treating nurse and physician, and for giving more weight to the opinions of the consulting psychologists. Moreover, the Commissioner argues the ALJ properly set forth reasons for discounting plaintiff's credibility.[2]

Upon review, the ALJ did not err in weighing the medical evidence.

First, the ALJ properly discussed the opinions of plaintiff's treating nurse, Ms. Brothers,[3] and treating doctor, Dr. Parkinson, and gave valid reasons for discounting their opinions; specifically, that they were based primarily on plaintiff's subjective complaints, were presented in a conclusory format, were inconsistent with the record as a whole, were unsupported by objective medical testing and were inconsistent with other medical evidence. An ALJ is entitled to discount the opinion, even of a treating physician, when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).

Second, after determining that the treating physician's opinion should be given little weight, the ALJ did not err in relying on the consulting opinions of Dr. Ellis and Dr. Hutson. "It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment." Harris v. Barnhart, 356 F.3d 926, 931 (8th Cir.2004). The regulations specifically provide that the opinions of nontreating physicians may be considered. 20 C.F.R. § 404.1527(e). Having determined that Dr. Parkinson's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians. Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006). See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007). Here,

---

[2] Although the plaintiff does not challenge the credibility finding by the ALJ, this issue is intertwined with the ALJ's analysis of the medical opinions of record. This Court finds the ALJ's credibility analysis was not error. "Because the ALJ is in a better position to evaluate credibility, we defer to [her] credibility determinations as long as they were supported by good reasons and substantial evidence." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006). Here, the ALJ gave valid reasons for discounting plaintiff's credibility.

[3] Plaintiff's nurse is not considered an "acceptable medical source" under the Code of Federal Regulations, but rather, is considered an "other medical source." 20 C.F.R. § 404.1513. As an "other medical source," the opinions of plaintiff's treating nurse cannot establish the existence of a medically determinable impairment, but can be considered in determining the severity and functional effects of plaintiff's impairments. See § 404.1513 (defining "acceptable medical sources" and "other medical sources").

3

the ALJ reviewed the evidence in the record, determined that the opinions of the consulting psychologists were consistent with the totality of the evidence in the record, and therefore, afforded these opinions substantial weight. The Court finds no basis for concluding the ALJ committed reversible error by giving undue weight to the opinions of the consulting psychologists.

## Conclusion

It is ultimately up to the ALJ to resolve conflicts in the evidence; including the weight each medical opinion is due. Hacker v. Barnhart, 459 F.3d 934 (8th Cir. 2006); 20 C.F.R. § 404.1527(d)(2). When determining residual functional capacity (RFC), the ALJ is not required to rely on just one medical opinion in the record, or even choose between the opinions of any of the claimant's physicians. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). Rather, the ALJ must determine a claimant's RFC based on all the relevant evidence. McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). Here, the ALJ did not err in weighing the medical evidence of record or in determining plaintiff's RFC. There is substantial evidence in the record as a whole to support that plaintiff is not disabled as defined by the Social Security Act.[4]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 9th day of April, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[4] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

4